UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SALVATION ARMY, BARRY J. SALLINGER, AND CYPRESS STREET PROPERTIES, LLC | CIVIL ACTION NO. <br><br> MAGISTRATE JUDGE |
| VERSUS | |
| UNION PACIFIC RAILROAD COMPANY, CONSOLIDATED COMPANIES, INC., AND SOUTHERN PACIFIC MOTOR TRUCKING COMPANY | |

### NOTICE OF REMOVAL

TO: The Salvation Army, Barry J. Sallinger, and Cypress Street Properties, LLC

    Through their attorneys of record:

    William W. Goodell, Jr.
    The Goodell Law Firm
    Post Office Box 52663
    Lafayette, Louisiana 70505

    *-and-*

    Elizabeth A. Roche
    Korey A. Nelson
    Burns Charest LLP
    365 Canal Street, Suite 1170
    New Orleans, Louisiana 70130

    *-and-*

    Gordon Schoeffler
    Post Office Box 4829
    Lafayette, Louisiana 70502

    *-and-*

    Joseph R. Joy, III
    Post Office Box 4929
    Lafayette, Louisiana 7050

Defendant, Union Pacific Railroad Company ("Union Pacific"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby removes the action captioned *The Salvation Army, Barry J. Sallinger, and Cypress Street Properties, LLC v. Union Pacific Railroad Company, Consolidated Companies, Inc., and Southern Pacific Motor Trucking Company*, Case No. 2016-0548-F, 15th Judicial District Court, Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana. This Court has subject matter jurisdiction over the claims of the plaintiffs in the aforementioned Lafayette Parish litigation (collectively "Plaintiffs") under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is properly between citizens of different states. In addition, this Court has subject matter jurisdiction over the claims of Plaintiffs under 28 U.S.C. §§ 1331 and 1367 because Plaintiffs have artfully pled an action arising under federal law, and all remaining claims form part of the same case or controversy under Article III of the United States Constitution.

Defendants respectfully submit that the grounds for removal are as follows:

**NOTICE OF REMOVAL IS TIMELY AND PROCEDURALLY PROPER**

1. Plaintiffs filed a petition ("the Petition") titled and designated as *The Salvation Army, Barry J. Sallinger, and Cypress Street Properties, LLC v. Union Pacific Railroad Company, Consolidated Companies, Inc., and Southern Pacific Motor Trucking Company*, Case No. 2016-0548-F, in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, which is in the Western District of Louisiana.

2. Union Pacific Railroad Company ("Union Pacific") was served with the Petition on February 15, 2016 *via* its Louisiana agent for service of process.

3. This Notice of Removal is filed within thirty days after Union Pacific was served with Plaintiffs' Petition and less than one year after the commencement of the action.

4.      Defendant Southern Pacific Motor Trucking Company ("Southern Pacific") consents to the removal of this action. *See* Exhibit "A."

5.      Defendant Consolidated Companies, Inc. ("Conco") consents to the removal of this action. *See* Exhibit "B."

6.      Union Pacific, Southern Pacific, and Conco are collectively referred to as "Defendants" below.

## FEDERAL DIVERSITY JURISDICTION

### THE PROPERLY JOINED PARTIES ARE OF DIVERSE CITIZENSHIP

7.      At the time Plaintiffs filed their Petition and Union Pacific filed this Notice of Removal, Plaintiffs were and remain citizens of the states identified below:

> a.  The Salvation Army was and still is a non-profit corporation organized under the laws of the state of Georgia with a principal place of business in Georgia. The Salvation Army is therefore a citizen of Georgia for federal diversity jurisdiction purposes. 28 U.S.C. § 1332(c).
>
> b.  Barry J. Salinger was and still is a natural person domiciled in Louisiana and is therefore a citizen of Louisiana for federal diversity jurisdiction purposes. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).
>
> c.  Cypress Street Properties, LLC was and still is a limited liability company, of which all members are identified as "citizens of Louisiana."[1] The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Cypress Street Properties, LLC is therefore a citizen of Louisiana for federal diversity jurisdiction purposes.

8.      At the time Plaintiffs filed their Petition and Union Pacific filed this Notice of Removal, Defendants were and remain citizens of the states identified below:

> a.  Union Pacific was and still is a business corporation organized under the laws of the state of Delaware with its principal place of business in Nebraska. Union Pacific is therefore a citizen of Delaware and Nebraska for federal diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

---

[1] *See* Exhibit "C," Petition, ¶ 7(c).

  b. Southern Pacific was and still is a business corporation organized under the laws of the state of California with its principal place of business in Nebraska. Southern Pacific is therefore a citizen of California and Nebraska for federal diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

  c. Conco is a business corporation organized under the laws of the state of Louisiana with its principal place of business in Louisiana. Conco is therefore a citizen of Louisiana for federal diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

However, Plaintiffs have "no reasonable possibility of recovery" against Conco, such that Conco is improperly joined. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005). Plaintiffs have no possibility of recovery against Conco because all of their claims against Conco are prescribed with the exception of one claim, unjust enrichment, for which no cause of action exists as pled in the Petition. "The improper joinder doctrine permits a court to ignore the citizenship of a nondiverse party when evaluating whether the parties are diverse in citizenship." *Practical Healthcare Supply, Inc. v. AssuredPartners Gulf Coast Ins. Agency, LLC*, 112 F. Supp. 3d 519, 522 n.1 (W.D. La. 2015). Because it was improperly joined, Conco's Louisiana citizenship is not a bar to the removal of this matter, as its citizenship is not factored into the federal diversity jurisdiction analysis.

**9.** As shown, complete diversity of citizenship exists between Plaintiffs on the one hand and Defendants on the other.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF COSTS AND INTEREST**

**10.** Plaintiffs seek, *inter alia*, (a) the testing and remediation (Exhibit "C," Petition, ¶ 6(A)-(D)) of a "40 acre" (*Id.* at ¶ 2) tract of immovable property owned by Union Pacific and Southern Pacific[2] as well as (b) tort damages (*Id.* at ¶¶ 58-66; ¶¶ 72-84), punitive damages (*Id.* at ¶ 66), and unjust enrichment damages (*Id.* at ¶¶ 89-90) for four tracts of land owned by Plaintiffs.[3]

---

[2] Plaintiffs allege that Conco divested itself of ownership of any interest in the referenced property no later than 2011. *See id.* at ¶ 20.

[3] Including two tracts owned by The Salvation Army (*Id.* at ¶ 7(A)), one tract owned by Barry J. Sallinger (*Id.* at ¶ 7(B)), and one tract owned by Cypress Street Properties, LLC (*Id.* at ¶ 7(C)).

11. Although a specific amount in controversy is not alleged, the breadth of Plaintiffs' allegations are such that the amount in controversy can be expected by the preponderance of the evidence or with reasonable certainty to exceed $75,000.00 exclusive of costs and interest.

## CONCLUSION REGARDING FEDERAL DIVERSITY JURISDICTION

12. The action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as this civil controversy is wholly between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, in accordance with 28 U.S.C. § 1441, this case may be removed to the United States District Court for the Western District of Louisiana.

## FEDERAL QUESTION JURISDICTION

13. Plaintiffs have asserted that they disavow any federal cause of action (Exhibit "C," Petition, ¶ 11). Nevertheless, removal predicated on 28 U.S.C. § 1331 and the "artful pleading" doctrine is allowed if: (1) federal law has completely preempted the state law that serves as the basis for the plaintiff's complaint, or (2) a federal question, not pleaded in the plaintiff's complaint, is nonetheless both "intrinsic and central" to the plaintiff's cause of action.[4]

14. Plaintiffs seek testing and remediation of property owned by Union Pacific and Southern Pacific, which they describe in their petition as the "Facility," and which they further allege contains "Superfund" contaminants, and which they further allege poses a substantial and imminent endangerment to the general public. Exhibit "C," Petition, ¶¶ 2-6, 47-51.

15. Plaintiffs' Petition purports to assert only delictual causes of action arising under Louisiana law. Exhibit "C," Petition, ¶¶ 53-89. However, none of these causes of action, as defined by Louisiana law, entitles a plaintiff to obtain a judicial order for the testing and remediation of property that is not owned by the plaintiff.

---

[4] *Brumfield v. City of Baker*, No. CIV.A. 11-507-BAJ-CN, 2011 WL 5178267, *3 (M.D. La. Sept. 30, 2011), *report and recommendation adopted*, No. CIV.A. 11-507-BAJ-CN, 2011 WL 5238720 (M.D. La. Oct. 31, 2011).

16. Instead, while avoiding direct reference to the statute, Plaintiffs both intrinsically and centrally[5] rely on federal causes of action, including in particular, but without limitation, the "imminent and substantial endangerment" prong of the citizen's suit provisions of the Resource Conservation and Recovery Act ("RCRA") (42 U.S.C. § 9601 *et seq.*). Plaintiffs twice adopt the phraseology of RCRA's citizen suit provision verbatim in their Petition by alleging the existence of "imminent and substantial endangerment." Furthermore, they wholesale adopt the language of federal environmental law in setting forth their claim, using the threat of "imminent and substantial endangerment" to justify obtaining a judicial order requiring assessment and remediation of "Superfund" contaminants in or under the "Facility" (again, property not owned by Plaintiffs). *Compare* 42 U.S.C. § 6972(a)(1)(B) and Exhibit "C," Petition, ¶¶ 4, 36.

17. Because RCRA's citizen suit provision and similar provisions of federal law comprise the sole vehicle for Plaintiffs to obtain the remedy they seek—remediation of alleged contamination on Union Pacific and Southern Pacific's property—Plaintiffs have artfully pled a RCRA citizen suit, effectively seeking to have the state court in which they initially brought their action grant them certain remedies under federal law which are not available to them under state law.[6]

18. Because federal law "creates the cause of action" for the remediation of alleged contamination on Union Pacific and Southern Pacific's property, federal jurisdiction exists under 28 U.S.C. § 1331. *Leaumont v. City of Alexandria*, 582 F. App'x 407, 409 (5th Cir. 2014) (discussing the predicates for federal question jurisdiction).

---

[5] *See id.*

[6] Union Pacific notes that Plaintiffs have begun taking the prerequisite steps required to file a RCRA citizen suit. Without conceding the validity or correctness of those prerequisite steps, the Petition at issue here requests the same type of relief provided by RCRA, as set forth above. The steps taken by Plaintiffs outside of the context of the instant litigation have no bearing on the federal remedies sought in the Petition.

PD.19059806.1

**19.** This Court may exercise supplemental jurisdiction over the remainder of Plaintiffs' claims under 28 U.S.C. § 1367(a), as those claims "form part of the same case or controversy under Article III of the United States Constitution." Specifically, Plaintiffs appear to allege delictual actions in regard to alleged damage to their own property, the operative cause of which is the alleged migration of contamination from Union Pacific and Southern Pacific's property to their own.[7]

***

**20.** Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been served on Defendants are hereby attached to this Notice of Removal, along with the entirety of the State Court record. *See* Exhibit "C."

**21.** Concurrent with the filing of this Notice of Removal, written notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 15th Judicial District Court, Parish of Lafayette, State of Louisiana.

**WHEREFORE**, Defendants remove this action from the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, Case No. 2016-0548-F, to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

**[Signature and Service Certificates follow]**

---

[7] *See e.g.* Exhibit "C," Petition, ¶¶ 53-57 (relying on the Louisiana Civil Code's "neighborhood" articles and discussing the spread of contamination from Union Pacific and Southern Pacific's property to Plaintiffs' respective properties); ¶¶ 58, 65 (discussing Louisiana Civil Code article 2315 negligence for alleged contamination of Union Pacific and Southern Pacific's property, leading to offsite "migration"); ¶ 66 (again relying on a "migration" theory for recovery of trespass damages).

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY: /s/ *Steven J. Levine*
Steven J. Levine, Bar Roll No. 14139
John B. Shortess, Bar Roll No. 26513
Benjamin M. Anderson, Bar Roll No. 32319
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Post Office Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: 225-346-0285
Telecopier: 225-381-9197
Email: levines@phelps.com
john.shortess@phelps.com
benjamin.anderson@phelps.com


*-and-*

Elena Arcos Pecoraro, Bar Roll No. 26787
Pecoraro Law
600 Jefferson Street
Suite 801
Lafayette, Louisiana 70501
Telephone: 337-266-2334
Telecopier: 337-266-2231
Email: elena@pecorarolaw.com

*-and-*

Elizabeth Haik Johnson, Bar Roll No. 28626
509 Rue Chavaniac
Lafayette, LA 70508
Telephone: (337) 278-0302
Telecopier: (337) 216-0206
Email: ehjllc@gmail.com

ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been served on this 14th day of March, 2016, to:

The Salvation Army, Barry J. Sallinger, and Cypress Street Properties, LLC

Through their attorneys of record:

| | |
|---|---|
| William W. Goodell, Jr.<br>The Goodell Law Firm<br>Post Office Box 52663<br>Lafayette, Louisiana 70505 | Elizabeth A. Roche<br>Korey A. Nelson<br>Burns Charest LLP<br>365 Canal Street, Suite 1170<br>New Orleans, Louisiana 70130 |
| Gordon Schoeffler<br>Post Office Box 4829<br>Lafayette, Louisiana 70502 | Joseph R. Joy, III<br>Post Office Box 4929<br>Lafayette, Louisiana 7050 |

And

Consolidated Companies, Inc., through their attorneys of record:

Cliff A. LaCour
Jeffery K. Coreil
Neuner Pate
1001 West Pinhook Road, Suite 200
Lafayette, Louisiana 70503

by United States Mail, proper postage prepaid, and Electronic Mail.

                                                 */s/ Steven J. Levine*
                                                 Steven J. Levine
                                                 La. Bar Roll No. 14139
                                                 levines@phelps.com

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SALVATION ARMY, BARRY J. SALLINGER, AND CYPRESS STREET PROPERTIES, LLC | CIVIL ACTION NO.<br><br>MAGISTRATE JUDGE |
| VERSUS | |
| UNION PACIFIC RAILROAD COMPANY, CONSOLIDATED COMPANIES, INC., AND SOUTHERN PACIFIC MOTOR TRUCKING COMPANY | |

**PROOF OF SERVICE**

Steven J. Levine, being duly sworn, does depose and say that he is an attorney in the firm of Phelps Dunbar LLP, counsel for defendant Union Pacific Railroad Company herein.

That on March 14th, 2016, after the Notice of Removal had been filed in the above Court, he delivered executed copies of the notice to William W. Goodell, Jr., Gordon Schoeffler, Elizabeth A. Roche, Korey A. Nelson, and Joseph R. Joy, III, attorneys for plaintiffs herein, by placing same in an envelope with sufficient postage thereon, properly addressed to the attention of, respectively, William W. Goodell, Jr., The Goodell Law Firm, Post Office Box 52663, Lafayette, Louisiana 70505; Elizabeth A. Roche and Korey A. Nelson, Burns Charest LLP, 365 Canal Street, Suite 1170, New Orleans, Louisiana 70130; Gordon Schoeffler, Post Office Box 4829, Lafayette, Louisiana 70502; and Joseph R. Joy, III, Post Office Box 4929 Lafayette, Louisiana 70502, and depositing said envelope, so stamped and addressed, in the United States mail, and by Electronic Mail.

PD.19059806.1

Affiant further deposes and says that on the same day he mailed a copy of the Notice of Removal to the Clerk of Court of the 15th Judicial District Court for the Parish of Lafayette, in the matter entitled "*The Salvation Army, Barry J. Sallinger, and Cypress Street Properties, LLC v. Union Pacific Railroad Company, Consolidated Companies, Inc., and Southern Pacific Motor Trucking Company*," now pending on the docket of the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, bearing Case No. 2016-0548-F.

_____
Steven J. Levine

Sworn to and subscribed before me this 14th day of March, 2016.

_____

Karen J. Blakemore
Bar Roll No. 31046
Notary ID. No. 87104
Notary Public, State of Louisiana
My Commission is for Life

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SALVATION ARMY, BARRY J. SALLINGER, AND CYPRESS STREET PROPERTIES, LLC | CIVIL ACTION NO. <br><br> MAGISTRATE JUDGE |
| VERSUS | |
| UNION PACIFIC RAILROAD COMPANY, CONSOLIDATED COMPANIES, INC., AND SOUTHERN PACIFIC MOTOR TRUCKING COMPANY | |

### AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

Steven J. Levine, being duly sworn, did depose and say that he is an attorney in the firm of Phelps Dunbar LLP, counsel for Union Pacific Railroad Company, defendant herein; that he has read the foregoing Notice of Removal and that all the facts and allegations therein set forth are true and correct to the best of his knowledge, information and belief.

_____
Steven J. Levine

Sworn to and subscribed before me this 14th day of March, 2016.

_____

Karen J. Blakemore
Bar Roll No. 31046
Notary ID. No. 87104
Notary Public, State of Louisiana
My Commission is for Life

3

PD.19059806.1